UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE JONES,                     Civil Action No.: 20-11851
                                  Honorable Sean F. Cox
                  Plaintiff       Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

                  Defendant.

_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 15, 19]

Plaintiff Jimmie Jones appeals a final decision of defendant Commissioner of Social Security (Commissioner) ending his disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 15] be **GRANTED**;

- Jones's motion [ECF No. 19] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four

of 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Procedural Background and Jones's Disabilities

The Commissioner found Jones disabled as of September 2013 due to non-Hodgkin's lymphoma.  ECF No. 10, PageID.106-110.  After a continuing disability review (CDR), the Commissioner found that Jones's disability ceased on September 2, 2016 due to the continued remission of his lymphoma.  *Id.*, PageID.59, 64-65, 120-122, 128.  Jones filed a request for reconsideration based on his remaining impairments, hepatitis B, hypertension, benign prostatic hyperplasia, and anxiety.  *Id.,* PageID.159.  But the ALJ found him to be no longer disabled after a hearing.  *Id.*, PageID.55-68, 76-105.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  *Id.*, PageID.41-43.  Jones timely filed for judicial review.  ECF No. 1.

### B.    The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

2

The Commissioner determines whether an applicant continues to be disabled by analyzing the following sequential steps.  First, for disability insurance benefits, if the applicant is "doing substantial gainful activity," he or she will be found no longer disabled.  20 C.F.R. § 404.1594(f).  In the second step for DIB, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, disability continues.  *Id.*  If the next step is reached, the Commissioner considers whether there has been a medical improvement.  *Id.*  If so, the Commissioner examines whether the medical improvement relates to the claimant's ability to do work.  *Id.*

If the medical improvement does relate to the claimant's ability to do work, the Commissioner must determine whether the claimant's current impairments are severe.  *Id.*  If not, the claimant is not disabled.  *Id.*  If the impairments are severe, the Commissioner assesses the claimant's residual functional capacity (RFC).  *Id.*  A claimant who can do past relevant work based on the RFC is not disabled.  *Id.*  If the claimant cannot do past relevant work, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work.  *Id.*

Applying this framework, the ALJ concluded that Jones was no longer disabled.  First, he found that Jones had not engaged in substantial gainful activity since the date of cessation of disability.  ECF No. 10, PageID.57-58.  Second, he found that Jones had the medical impairments of non-Hodgkin's lymphoma, urge incontinence with nocturia, anxiety, adjustment disorder, and hypertension, none of which met or medically equaled the severity of a listed impairment.  *Id.*, PageID.58-59.  Third, the ALJ found that there was a medical improvement as of September 2, 2016. *Id.*, PageID.59.  Fourth, he found that the medical improvement related to Jones's ability to work "because his original impairment[s] no longer met or equaled the same listing[s]" that were met at the original determination.  *Id*.

At the next step, the ALJ found that Jones continued to have the severe impairments of non-Hodgkin's lymphoma and urge incontinence with nocturia.  *Id.*, PageID.59-60.  He found non-severe Jones's impairments from hypertension, hepatitis B, anxiety, and adjustment disorder.  *Id.*, PageID.60.  The ALJ then assessed Jones as having an RFC

> to perform light work as defined in 20 CFR 404.1567(b) except he…can only perform occasional postural activities,…frequent handling and fingering with the bilateral upper extremities.  He is limited to standing and walking four hours in an eight-hour workday [and he] requires the ability to take bathroom breaks up to five minutes every hour if needed.

4

*Id.*, PageID.62.  He concluded that Jones could not perform his past

relevant work as a teacher, but he could do other jobs in significant

numbers in the national economy, including tutor.  *Id.*, PageID.66.  Thus,

Jones was no longer disabled.


## II.   ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether

the Commissioner's decision is supported by substantial evidence and was

made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc.*

*Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more

than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241

(6th Cir. 2007) (internal quotation marks and citation omitted).  Only the

evidence in the record below may be considered when determining

whether the ALJ's decision is supported by substantial evidence.  *Bass v.*

*McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Jones does not challenge the ALJ's conclusion that his lymphoma

was medically improved.  Instead, he argues that he is now disabled due to

chronic hepatitis B and the fatigue it causes.  ECF No. 19.  Jones contends

that the ALJ erred by not considering his hepatitis B as a severe

impairment, discounting the opinion of treating physician, Ishmael

Jaiyesimi, D.O., and improperly constructing the RFC without the support of

medical opinion.  *Id.*  The Court finds Jones's arguments unavailing and

that the ALJ's decision should be affirmed.

**B.**

Jones argues that the ALJ erred by failing to consider his hepatitis B,

and the fatigue it causes, as a severe impairment.  *Id.*, PageID.993-995.  If

an ALJ determines that any of a claimant's impairments is severe, he or

she must "consider the limitations and restrictions imposed by *all* of an

individual's impairments, even those that are not severe."  *Kestel v.*

*Comm'r of Soc. Sec.*, 756 F. App'x. 593, 597 (6th Cir. 2018) (internal

quotations omitted).  Because all impairments are considered "in the

remaining steps of the disability determination, any perceived failure to 'find

additional severe impairments at step two does not constitute reversible

error.'" *Id.* (quoting *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007))

(internal quotations omitted).  If the ALJ properly considers the impairment

in the later steps of the disability determination, any error at step two is

harmless and the court need not decide whether the ALJ erred in failing to

6

find that the controversial ailment constituted a severe impairment.  *See id*.

(citing *Fisk*, 253 F. App'x at 583).

Here, ALJ explicitly considered the effects of the severe and non-severe impairments in assessing Jones's functional capacity.  ECF No. 10, PageID.64.  He considered Jones's hepatitis B and fatigue, finding that they did not prevent him from performing a limited range of light work.  *Id.*, PageID.64-65.  The ALJ acknowledged Jones's chronic hepatitis B, but noted that it was stable with conservative treatment.  *Id*.  His review of the treatment records revealed that Jones only sporadically endorsed fatigue.  *Id.*, PageID.65.  But in deference to Jones's claimed fatigue, the ALJ "limited [him] to light work with the exertional, postural, and manipulative restrictions described."  *Id.*, PageID.64.  The ALJ noted that the evidence offered no support for greater limitations than those assessed in the RFC, which the ALJ calibrated to accommodate Jones's impairments, including his fatigue and hepatitis B.  *Id.,* PageID.65-66.

Although Jones contends that the RFC inadequately addresses his fatigue, asserting that he requires up to two naps per workday, the ALJ need not accept his testimony or subjective functional reports.  ECF No. 10, PageID.93; *Mellon v. Comm'r of Soc. Sec.,* 14-14374, 2016 WL 908895, at *10 (E.D. Mich. Feb. 9, 2016), *adopted*, 2016 WL 894336 (E.D. Mich. Mar.

9, 2016) (an ALJ need not accept a claimant's subjective complaints and may properly consider the credibility of a claimant when determining disability).  Jones has not shown a need for greater restrictions to accommodate his fatigue, which is his burden.[1]  *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).  The Court finds no reversible error here.

## C.

Jones also argues that the ALJ erred in not giving Dr. Jaiyesimi's opinion controlling weight, which is the standard for assessing medical opinions from treating sources applicable to disability claims filed before March 27, 2017.  ECF No. 19, PageID.996; 20 C.F.R. § 404.1527.  The Commissioner asserts that the current "persuasiveness" standard for assessing medical opinions set forth in 20 C.F.R. § 404.1520c applies to Jones's CDR and that the ALJ properly assessed Dr. Jaiyesimi's opinion as unpersuasive.  ECF No. 15, PageID.967.  In reply, Jones does not address the issue of which regulatory standard applies, instead obliquely arguing

---

[1] Jones also cites Dr. Jaiyesimi's opinion that he would require four to six unscheduled breaks, for a total of two to four hours of rest during the day, but, as discussed in the next section, the ALJ properly found Dr. Jaiyesimi's opinions unpersuasive and thus did not have to credit them.  ECF No. 20 (citing ECF No. 10, PageID.669).

8

that "the ALJ failed to duly credit the opinion of the treating physician."

ECF No. 20, PageID.1005-1006.

The Commissioner relies on its Hearings, Appeals, and Litigation Law Manual (HALLEX), which directs ALJs to apply the regulations effective March 27, 2017 (here § 404.1520c) to all continuing disability reviews, with certain exceptions.  *Wisecup v. Saul*, 19-13717, 2021 WL 1557512, at *12 (E.D. Mich. Feb. 10, 2021), *adopted in relevant part*, 2021 WL 940915 (E.D. Mich. March 12, 2021) (citing *Mudge v. Saul*, 2019 WL 3412616, at *5 (E.D. Mo. July 29, 2019)).  The prior regulation should be implemented in a CDR if all of the following apply:  (1) "This is the first CDR for the claim(s) after March 27, 2017, and" (2) "There is no medical improvement related to the ability to work, and," (3) "All full medical determination(s) made in the claim(s) under review were made using the prior rules." HALLEX § I-5-3-30.IV.E, 2017 WL 1362776, at *5 (2017).

This CDR is the first for Jones, and his disability claim was originally adjudicated under the prior regulation.  But the ALJ determined, and Jones does not contest, that he has experienced a medical improvement related to his ability to work.  ECF No. 10, PageID.59.  Jones thus does not meet all of the exceptions to applying the current regulation.  HALLEX § I-5-3-30.IV.E, 2017 WL 1362776, at *5.  The ALJ properly applied § 404.1520c's

9

persuasiveness standard for assessing Dr. Jaiyesimi's opinions about Jones's remaining impairments and their impact on his functional capacity.[2]

**D.**

Finally, Jones argues that the ALJ erred by rejecting all of the medical opinions of record and substituting his own medical judgment to fashion Jones's RFC.  ECF No. 19, PageID.1000.  The argument that the RFC is invalid without the support of a medical opinion lacks merit.  An ALJ's residual functional capacity determination can be supported by substantial evidence even without a fully consistent physician opinion.  *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401-02 (6th Cir. 2018).

The ALJ here relied on the opinions of the non-examining medical consultants, who reviewed Jones's longitudinal records.  He found that the assessments of Delois D. Daniels, M.D. and Tariq Mahmood, M.D. were supported by objective medical evidence and clinical findings, and were thus persuasive.  ECF No. 10, PageID.65.  But the ALJ imposed greater postural, manipulative, and exertional limitations than assessed by Drs. Daniels and Mahmood because of Jones's testimony and subjective complaints of fatigue, hand and finger numbness, and urinary frequency.

---

[2] Jones did not advance and thus has waived any argument that the ALJ applied the persuasiveness standard incorrectly.  *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

*Id.* Courts in this circuit have routinely found RFC assessments that are more restrictive than the opinion evidence to be supported by substantial evidence. *See, e.g.*, *Drinkwine v. Comm'r of Soc. Sec.,* 18-12327, 2019 WL 4866144, at *3 (E.D. Mich. Aug. 8, 2019), *adopted*, 2019 WL 4626674 (E.D. Mich. Sept. 24, 2019); *Chess v. Berryhill*, 2019 WL 845986, at *7 (E.D. Tenn. Jan. 3, 2019).

Jones questions the sufficiency of ALJ's manipulative restriction, challenging the limitation to "frequent" handling and fingering rather than the more restrictive "occasional" handling and fingering. ECF No. 20, PageID.1009. But he does not meet his burden of showing a need for greater restriction. *See Jordan*, 548 F.3d at 423. Jones points to no evidence supporting greater manipulative restrictions, and Dr. Jaiyesimi's opinion reflects no manipulative limitations. ECF No. 10, PageID.555. Nor do Jones's subjective complaints of manipulative impairment carry the burden. ALJs are not required to accept a plaintiff's subjective complaints as support for a more restrictive RFC. *See Mellon*, 2016 WL 908895, at *10; *Breidenich v. Comm'r of Soc.Sec.*, CV 19-11074, 2020 WL 5521409, at *5 (E.D. Mich. Aug. 24, 2020), *adopted*, 2020 WL 5514195 (E.D. Mich. Sept. 14, 2020). Jones's argument for greater restrictions is essentially a request for the Court to reweigh the evidence considered by the ALJ, which

is not permitted.  *Id.* (citing *Cutlip v. Sec. of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

### III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion (ECF No. 15) be **GRANTED**; that Jones's motion (ECF No. 19) be **DENIED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).


                                          s/Elizabeth A. Stafford
                                          ELIZABETH A. STAFFORD

Dated: June 30, 2021                  United States Magistrate Judge


### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2021.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager