UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE JONES, | Case No. 20-cv-11851 |
| Plaintiff, | |
| v. | Sean F. Cox<br>United States District Court Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Elizabeth A. Stafford<br>U.S. Magistrate Judge |
| Defendant. | |

## OPINION AND ORDER

In this Social Security case, Jimmie Jones objects to the report and recommendation filed by Magistrate Judge Elizabeth A. Stafford. For the reasons discussed below, the Court will adopt the report and recommendation, deny the plaintiff's motion for summary judgment, and grant the defendant's motion for summary judgment.

## I.

Jones had been found disabled beginning on September 12, 2013. (ECF No. 10, PageID.55.) But this finding ended on September 2, 2016. (*Id.*) Jones filed a request for a hearing in front of an administrative law judge (ALJ), which took place on May 6, 2019. (*Id.*) The ALJ found that "the claimant's disability ended on September 2, 2016, and the claimant has not become disabled again since that date." (*Id.* at PageID.56.)

The ALJ issued a detailed report containing several findings of fact and conclusions of law. To begin, the determination that Jones was disabled was dated on April 13, 2014. (*Id.* at PageID.57.) The reason for the impairment was non-Hodgkin's lymphoma. (*Id.*) Since then, Jones

lacked engagement in "substantial gainful activity." (*Id.*) As of September 2, 2016, Jones maintained that he was impaired with non-Hodgkin's lymphoma as well as urge incontinence with nocturia, anxiety, adjustment disorder, and hypertension. (*Id.* at PageID.58.)

The ALJ found that Jones no longer had an impairment or combination of impairments which met or medically equaled the severity required by the Listed Impairments. (*Id.*) He explained that the non-Hodgkin's lymphoma was in remission and the medications were discontinued years earlier. (*Id.* at PageID.59.) However, the ALJ also found that Jones's non-Hodgkin's lymphoma and urge incontinence with nocturia "have imposed more than minimal limitations on the claimant's ability to engage in basic work-related activities for at least a continuous twelve-month period." (*Id.* at PageID.59–60.) The ALJ found that Jones did not meet the criteria for additional impairments, including Hepatitis B. (*Id.* at PageID.60.)

Based on the existing impairments, the ALJ concluded that Jones "has had the residual functional capacity to perform light work" with limitations since September 2, 2016. (*Id.* at PageID.62.) He continued:

> [Jones] can only perform occasional postural activities. The claimant can only perform frequent handling and fingering with the bilateral upper extremities. He is limited to standing and walking four hours in an eight-hour workday but can sit for up six hours to in an eight-hour workday. The claimant requires the ability to take bathroom breaks of up to five minutes every hour if needed.

(*Id.*) Although Jones was unable to perform past relevant work, Jones could perform certain other occupations, such as tutor. (*Id.* at PageID.67.) In making this conclusion, the ALJ credited the testimony of the testifying vocational expert. (*Id.*) He also agreed with the state agency medical consultants that Jones "has experienced medical improvement and his impairments are no longer work-preclusive." (*Id.* at PageID.65.) Finally, the ALJ found the treating physician's statements to

2

be "unpersuasive" because "[n]either his own treatment notes nor the record as a whole substantiates" the restrictive limitations suggested. (*Id.*)

Both parties filed for summary judgment. (ECF Nos. 15, 19.) In his motion, Jones made three arguments why the decision was not supported by substantial evidence. First, he said the ALJ "failed to consider all of the plaintiff's severe impairments in determining his residual functional capacity." (ECF No. 19, PageID.993.) Second, Jones claimed that the ALJ "failed to give due consideration to the opinion of the treating oncologist." (*Id.* at PageID.995.) Finally, he said the ALJ "improperly substituted his medical judgment for the medical opinion evidence of record." (*Id.* at PageID.999.)

The magistrate judge disagreed, instead recommending that the Commissioner's decision be affirmed. First, she wrote, the ALJ "explicitly considered the effects of the severe and non-severe impairments in assessing Jones's functional capacity." (ECF No. 21, PageID.1019.) The ALJ "considered Jones's hepatitis B and fatigue, finding that they did not prevent him from performing a limited range of light work." (*Id.*) Second, the magistrate judge concluded that the ALJ "properly applied" the "persuasiveness standard for assessing [the treating physician's] opinions about Jones's remaining impairments and their impact on his functional capacity." (*Id.* at PageID.1021–22.) Third, she held that the ALJ did not improperly substitute his own medical judgment. (*Id.* at PageID.1022.)

Jones objected to the report and recommendation. (ECF No. 22.) This Court performs a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a de novo

review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Henrich v. Soc. Sec. Comm'r*, 440 F. Supp. 3d 699, 701 (E.D. Mich. 2020).

Jones failed to give numbered and specific objections. However, he takes general issue with three things: 1) that the ALJ improperly determined his residual functional capacity, 2) that the ALJ did not adequately explain his failure to credit the treating oncologist's opinion, and 3) that the ALJ improperly substituted his own medical opinion. (ECF No. 22, PageID.1027–28.) But this list merely rehashes Jones' three arguments on summary judgment. The magistrate judge already considered and rejected these arguments. In other words, Jones "does not raise in [his] objection any defect in Judge Stafford's reasoning, but simply disagrees with her conclusion." *See Thomas v. Comm'r of Soc. Sec.*, No. 19-13108, 2021 WL 1152994, at *2 (E.D. Mich. Mar. 26, 2021). And "[m]erely expressing disagreement with the conclusion reached by the Magistrate Judge is not sufficient to adequately state an objection." *Id.* (quoting *Smith v. Comm'r of Soc. Sec.*, No. 15-CV-13149, 2016 WL 4727473, at *2 (E.D. Mich. Sept. 12, 2016)).

Because Magistrate Judge Stafford already fully addressed the arguments that Jones presents in his objection brief, these objections (ECF No. 22) are **OVERRULED**. Therefore, Jones' motion for summary judgment (ECF No. 19) is **DENIED**, the Commissioner's motion for summary judgment (ECF NO. 15) is **GRANTED**, and the Court **ADOPTS** the report and recommendation (ECF No. 21).

**IT IS SO ORDERED.**

Dated: August 17, 2021                                s/Sean F. Cox
                                                      Sean F. Cox
                                                      U. S. District Judge